ORDER
HACKNEY, JUDGE:
An application of the claimant, Tara L. Winland, for an award under the West Virginia Crime Victims Compensation Act, was filed January 18, 2008. The report of the Claim Investigator, filed July 15, 2008, recommended that no award be granted on the basis that the incident appeared to result from an accident. Therefore, it was concluded that the claimant did not meet the definition of a “victim.”
The claimant subsequently filed aresponse in disagreement, and the Investigator revisited the issue. In the Investigator’s memoranda dated October 1,2008, and October 21, 2008, it was recommended that an award be made. Thereafter, an Order dated December 4, 2008, was issued, denying the claim on the basis that the circumstances giving rise to the claimant’s injuries did not sufficiently establish that the claimant was an innocent victim of criminal conduct. The claimant’s request for hearing was filed December 15,2008, and the matter came on for hearing on April 22,2009. The claimant appeared in person, and the State of West Virginia appeared by counsel, Benjamin F. Yancey III, Assistant Attorney General.
*373 The record adduced from the hearing established the following: On September 18, 2007, the claimant became the victim of criminally injurious conduct in New Martinsville, Wetzel County. Due to the severity of the injuries that the claimant sustained on the night of this incident, she has no recollection of the subject events. The claimant’s mother, Cloy Winland, testified that the claimant and her friends went to an establishment called the Candlelight for dinner and drinks. They were celebrating the claimant’s graduation from flight attendant school. After dinner, the group went to Bruce Bowling Lanes and then to Fox’s night club. At approximately 3:00 a.m., the claimant was found unconscious at the parking lot of Fox’s night club.
Donnie Harris, Chief Deputy of the New Martinsville Police Department, was involved in the investigation of this incident. Chief Deputy Harris determined that the incident was not an accident but rather resulted from an altercation. A female bartender working at Fox’s Night Club informed Deputy Harris that the alleged offender called the bar and inquired whether her ex-boyfriend had left the bar with another woman. Other witnesses at the bar indicated that the claimant had been seen with the alleged offender’s ex-boyfriend. In spite of the fact that the bartender did not call the alleged offender, the alleged offender was waiting in the parking lot of Fox’s night club when her ex-boyfriend exited the bar with the claimant. Subsequently, the bartender witnessed the alleged offender yelling at the claimant while the claimant was lying on the ground unconscious. Deputy Harris suspects that witnesses did not come forward due to the alleged offender’s violent reputation in the community.
After the incident, the claimant was taken to Wetzel County Hospital where it was determined she had sustained a serious brain injury while suffering a concussion.
The claimant was transported to Ruby Memorial Hospital where she was hospitalized for her condition. She suffered from short-term memory loss and required constant care. After the claimant was released from the hospital, her condition dramatically improved. Even though the claimant suffers a cognitive deficit, her condition is greatly improved compared to the original prognosis.
Despite the claimant’s inability to recollect the events that caused her injury, the testimony from Chief Deputy Harris leads the Court to conclude that the claimant was an innocent victim of crime. There is no evidence that the claimant was guilty of contributory misconduct. Thus, the Court is constrained by the evidence to reverse its previous ruling and grant an award.
On June 10, 2009, the Court received from Cloy Winland, the claimant’s mother, prescription and hotel receipts for the out-of-pocket expenses she incurred when the claimant was injured.
The Court is unable to determine from the prescription receipts what medications were purchased. If documentation of those medications is later provided, the Court may grant reimbursement at that time.
The hotel receipts are for the four nights which the claimant’s mother spent in Morgantown, West Virginia, while the claimant was being treated at Ruby Memorial Hospital. This Court has previously ruled that travel expenses for a parent in the case of an injured minor child are compensable. Since the claimant herein was an adult, an award would normally be denied. However, inasmuch as the claimant was rendered incapacitated as a result of the injury to her brain, the Court finds that her mother’s *374 lodging expenses are allowable expenses under W.Va. Code §14-2A-3(f)(1) as “reasonably needed products, services and accommodations.”
Based on the foregoing, an award of $246.37 is hereby granted as documented, and the claim remains open for the submission of any additional unreimbursed expenses.